UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 14-CR-20506-MOORE/ELFENBEIN

UNITED STATES OF AMERICA,

v.

JONATHAN A. GILMORE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATION

**THIS CAUSE** came before the Court for a revocation hearing on November 18, 2024, upon a Petition for Warrant or Summons for Offender Under Supervision (the "Petition"), ECF No. [73], as to Defendant, Jonathan A. Gilmore ("Defendant").[1]

## RELEVANT BACKGROUND

Defendant was convicted on June 23, 2015, of mailing a threatening communication to a United States Judge, in violation of 18 U.S.C. § 876(c).  *See* ECF No. [62].  He commenced supervision on April 10, 2024, and is scheduled to terminate supervision on April 9, 2027.  *See* ECF No. [73].  On February 16, 2024, the Court modified the conditions of the Defendant's supervised release to include that he "cooperatively participate in a program of the residential re-entry center, until discharged by the center director and/or probation officer, but no later than 180 days from admission."  *Id.*  While on supervision, on May 23, 2024, the Court again modified the

---

[1] This matter was referred to the undersigned by the Honorable K. Michael Moore, United States District Court Judge, to take all necessary and proper action as required by law with respect to any violations of Supervised Release as to Defendant Jonathan A. Gilmore, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida. ECF No. [81].

conditions of Defendant's supervised release by including a condition that he "refrain from any method of communication with Gillespie Wadsworth, Psy. D., throughout the duration of [his] term of supervised release." *Id.* This Court thereafter issued a warrant for the Defendant, following the United States Probation Office's submission of the Petition. *Id.*; ECF No. [74].

On August 14, 2024, Defendant appeared before the Court in the Eastern District of North Carolina for his initial appearance on the Petition, and the Federal Public Defender was appointed to represent him. *See* ECF No. [75]. After waiving his identity hearing and requesting that his preliminary and detention hearings take place in the Southern District of Florida, the Defendant was removed to this district, *see id.*, making his initial appearance on September 5, 2024. *See* ECF No. [76]. The Court appointed the Federal Defender to represent him, and the Defendant thereafter stipulated to pre-trial detention and waived the preliminary hearing. *See* ECF Nos. [76], [78], and [79]. The undersigned then conducted three status conferences with the Parties, *see* ECF Nos. [82], [84], and [86], and set the matter for a revocation hearing to take place on November 18, 2024, *see* ECF No. [88].

The violations alleged in the Petition are as follows:

1. **Violation of Special Condition**, by failing to participate in an approved mental health treatment program. On or about July 10, 2024, the defendant was unsuccessfully discharged from the Caramore Community Mental Health Program in Carrboro, North Carolina.

2. **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On June 26, 2024, the defendant submitted a urine specimen which tested positive for the presence of cocaine and signed an admission of use.

*See* ECF No. [73] at 2.

## REVOCATION HEARING

All parties, including counsel for the United States, United States Probation Officers

2

Juan Lora and Betty Menendez-Aponte, Defendant, and Defendant's counsel, appeared at the hearing prepared to proceed. At the start of the hearing, Defendant indicated his intention to admit to the two violations alleged in the Petition.

The undersigned placed Defendant under oath and questioned him, following which the undersigned determined that Defendant is fully competent and capable of making an informed decision and that his admission to Violations 1 and 2 in the Petition is knowing and voluntary. The undersigned advised Defendant the maximum penalty the District Judge may impose, pursuant to 18 U.S.C. § 3583(e)(3), is a term of up to two years' imprisonment, followed by supervised release of up to three years, as set forth in 18 U.S.C. § 3583(b)(1). Defendant acknowledged that he understands the maximum penalties. Accordingly, based on the representations on the record from Defendant, Defendant's counsel, the Government, and the United States Probation Officer, and having had the opportunity to observe and hear directly from Defendant, the undersigned recommends that the Court set the matter for a final hearing and accept Defendant's admission of guilt as to Violations 1 and 2 as charged in the Petition, ECF No. [73].

The parties will have **three (3)** days[2] from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judge. Failure to timely file objections will bar a *de novo* determination

---

[2] At the revocation hearing, counsel for the Defendant asked the Court to shorten the time period for objections to the Report and Recommendation. The Government had no objection to the Defendant's request. As a result, I have shortened the objections period to three business days. *See Nadeau v. Condo Black Book, LLC*, No. 23-CV-21271, 2023 WL 3293038, *1 (S.D. Fla. May 5, 2023) (allowing three days for objections when the plaintiff's request for a temporary restraining order was ex parte); *MCM Entertainment, Inc. v. Diaz World Trade Group, Inc.*, No. 22-CV-23189, 2023 WL 2917752, *1 (S.D. Fla. Apr. 11, 2023) (shortening period of time to file objections when both parties agreed at the hearing to a truncated time period); *United States v. Leonard*, No. 18-CR-484, 2019 WL 4401264, *6, n. 3 (March 27, 2019) (giving the parties less than 14 days to file objections to the report and recommendation given the proximity of the trial date).

by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on November 18, 2024.

                                                **MARTY FULGUEIRA ELFENBEIN**
                                                **UNITED STATES MAGISTRATE JUDGE**

Copies to:
Honorable K. Michael Moore
Counsel of Record