**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-14043-CR-GRAHAM/D'ANGELO**
**10-14068-CR-GRAHAM/D'ANGELO**
**10-14074-CR-GRAHAM/D'ANGELO**
**14-20506-CR-MOORE/D'ANGELO**
**17-20601-CR-ALTMAN/D'ANGELO**

**UNITED STATES OF AMERICA,**

**vs.**

**JONATHAN A. GILMORE,**

    **Defendant.**

_____ /

## REPORT AND RECOMMENDATION ON SUPERVISED RELEASE VIOLATIONS

**THIS CAUSE** is before the Court following the referral of these five actions to the undersigned Magistrate Judge to take all necessary and proper action as required by law with respect to any and all violations of Supervised Release as to Defendant Jonathan A. Gilmore ("Defendant") (No. 09-14043-CR, DE 195; No. 10-14068-CR, DE 45; No. 10-14074-CR, DE 44; No. 14-20506-CR, DE 103; No. 17-20601-CR, DE 162).  Petitions for Warrant or Summons for Offender Under Supervision ("Petitions"), detailing one alleged violation of Defendant's Supervised Release, were submitted to the Court in Case Nos. 14-20506-CR and 17-20601-CR, and warrants subsequently issued (No. 14-20506-CR, DE 97, 98; No. 17-20601-CR, DE 151, 153). The sole violation in the Petitions charged Defendant with failing to refrain from a new violation of law, alleging on February 11, 2026, Defendant was arrested for committing assault in Miami-Dade County, Florida (No. 14-20506-CR, DE 97; No. 17-20601-CR, DE 151).  In Case Nos. 09-14043-CR, 10-14068-CR, and 10-14074-CR, the Petitions contained two alleged violations of Defendant's Supervised Release – violation one is the new law violation for assault described

above and violation two is failing to satisfy court-ordered restitution (No. 09-14043-CR, DE 185; No. 10-14068-CR, DE 36; No. 10-14074-CR, DE 35).

Defendant made his initial appearance in all five cases on March 20, 2026 (No. 09-14043-CR, DE 190; No. 10-14068-CR, DE 40; No. 10-14074-CR, DE 39; No. 14-20506-CR, DE 100; No. 17-20601-CR, DE 158).  The Court held a status conference on April 9, 2026, at which the Parties announced that they had reached an agreed-upon disposition with the concurrence of the United States Probation Office (No. 09-14043-CR, DE 197; No. 10-14068-CR, DE 47; No. 10-14074-CR, DE 46; No. 14-20506-CR, DE 109; No. 17-20601-CR, DE 164).  Specifically, the Parties stated that Defendant admits to violation two for unsatisfied restitution in Case Nos. 09-14043-CR, 10-14068-CR, and 10-14074-CR, and the Government will dismiss the new law violation for assault in all cases.  The Court inquired as to whether the State of Florida was moving forward with prosecuting the assault charge, and the Parties represented that a hearing in state court was set for April 14, 2026, at which time the State would announce whether it was formally filing the assault charge.  Based on these representations, the Court continued the status conference to April 15, 2026 and requested that the Parties inform the Court of the status of the state case at that time.

At the April 15, 2026 status conference, the Parties reported that the State announced it had not formally filed the assault charge against Defendant, and Defendant's status in the state case was release on his own recognizance with no future court dates set (No. 09-14043-CR, DE 201; No. 10-14068-CR, DE 51; No. 10-14074-CR, DE 50; No. 14-20506-CR, DE 113; No. 17-20601-CR, DE 168).[1]  The Assistant United States Attorney represented that he corresponded with the

---

[1] The Parties stated that the State had not "No Actioned," or officially declined, the case yet and would not do so until the statute of limitations for the offense had run, which is one year for a misdemeanor assault.

state prosecutor, who stated that the victim of the alleged assault did not respond to state subpoenas and was uncooperative with state prosecutors. The Parties stated that the victim suffers from mental health issues, was previously in a relationship with Defendant, and shares a child with Defendant. The Parties further represented that the assault charge is a misdemeanor and carries a statutory maximum of 60 days' imprisonment. The United States Probation Officer represented that the new law violation for assault and the violation for failing to satisfy court-ordered restitution are Grade C violations that have an advisory Sentencing Guidelines range of eight to fourteen months' imprisonment and a statutory maximum of two years' imprisonment. The United States Probation Officer further stated that the advisory Sentencing Guidelines range remains the same whether Defendant is adjudicated guilty of one or both violations.

Based on these representations, the Parties again requested that the Court accept their agreed-upon disposition, whereby Defendant admits to violation two in the Petitions in Case Nos. 09-14043-CR, 10-14068-CR, and 10-14074-CR for unsatisfied restitution, and the Government will dismiss the new law violation for assault in all cases. The Government stated that it cannot prove the new law violation for assault, even at the lower evidentiary standard governing supervised release proceedings, because the victim is uncooperative, and the Government does not possess other evidence of the alleged offense. The United States Probation Office again concurred with the agreed-upon disposition proposed by the Parties.

Since Defendant represented that he admits to violation two for failing to satisfy court-ordered restitution, the Court placed Defendant under oath and after a brief colloquy, the Court determined that Defendant is fully competent and capable of making an informed decision and that his admission to this violation is knowing and voluntary. Defendant was advised that the maximum penalty he faces for violation two is two (2) years' imprisonment. Defendant

3

acknowledged that he understands the maximum penalty.  Defendant acknowledged that he understands his right to an evidentiary hearing on the violation and all rights associated with a hearing.  Defendant acknowledged that if his admission to this violation is accepted, all that will remain is a sentencing hearing to determine the final disposition.

That same day, Defendant filed a Notice of Admission to violation two for failing to satisfy court-ordered restitution in Case Nos. 09-14043-CR, 10-14068-CR, and 10-14074-CR (No. 09-14043-CR, DE 199; No. 10-14068-CR, DE 49; No. 10-14074-CR, DE 48).  Similarly, the Government filed a Notice of Intent to Dismiss the new law violation for assault in all cases (No. 09-14043-CR, DE 198; No. 10-14068-CR, DE 48; No. 10-14074-CR, DE 47; No. 14-20506-CR, DE 111; No. 17-20601-CR, DE 167).

Based on the foregoing, the undersigned respectfully recommends that the Court set the matter for a final revocation hearing and sentencing and accept Defendant's admission of guilt to violation two for failing to satisfy court-ordered restitution in Case Nos. 09-14043-CR, 10-14068-CR, and 10-14074-CR.  The undersigned further respectfully recommends that the Court **VACATE** the Petitions in Case Nos. 14-20506-CR and 17-20601-CR, as the only violation contained in those Petitions is the new law violation for assault, for the reasons stated herein.

The Parties will have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file written objections, if any, for consideration by the United States District Judges.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Report and Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual

4

and   legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on this 16th day of April, 2026.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:    All Counsel of Record